UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENDRA R. WILSON | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0660-RLY-TAB |
| | ) | |
| JASON GRABLE and CITY OF | ) | |
| GREENWOOD, INDIANA, | ) | |
|     Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
FROM CASE MANAGEMENT PLAN DEADLINE**

**I.  Introduction**

Plaintiff Kendra Wilson is in a pickle.  Plaintiff failed to disclose her expert witness, Dr. Jonni Gonso, for ten months after the deadline for doing so.  Plaintiff now seeks an extension of the Case Management Plan deadline to do so.  Because Plaintiff's delay is inexcusable and prejudicial to the Defendant, the Court denies Plaintiff's motion [Docket No. 61], though Dr. Gonso will still be allowed to testify as a treating psychologist.

**II.  Background**

The CMP approved on August 20, 2008, required Plaintiff to make her expert disclosures, and serve her Rule 26(a)(2)(B) reports, on or before June 22, 2009.  [Docket No. 8 at 3; Docket No. 11.]  Plaintiff designated no experts at that time.  However, Plaintiff did identify Dr. Jonni Gonso about five months later in her November 17, 2009, witness list.  [Docket No. 50 at 2.]  On March 25, 2010, nearly nine months after the deadline for expert disclosures, Plaintiff requested from Defendants 45 days to provide an expert report from Dr. Jonni Gonso.  [Docket No. 62 (Ex. A).]

Defendants did not immediately agree to Plaintiff's request, so Plaintiff filed her motion

for relief from the CMP deadline. [Docket No. 61 at 3.] Plaintiff acknowledges that "counsel should have foreseen that [Plaintiff] might eventually undergo a deterioration in her emotional state which could require her to consult a mental health professional." [Docket No. 65 at 2.] Nevertheless, Plaintiff claims this failure constitutes excusable neglect. [*Id.*] She alleges that "repressed powerful emotions" resulting from her encounter with Defendant Jason Grable resurfaced when she saw him at his May 2009 deposition. [Docket No. 65 at 2; *id.* (Ex. A at 2).] Although her counsel subsequently encouraged her to seek treatment, Plaintiff refused to do so in fear of "bring[ing] those memories to the surface again." [*Id.* (Ex. A at 2).] After allegedly suffering panic attacks in March 2010 from the encounter, Plaintiff ultimately was evaluated by Dr. Gonso on April 1, 2010, upon referral by her counsel. [*Id.* at 2–3.] Furthermore, Plaintiff alleges that Defendants have not shown prejudice that would result from the Court's granting of her motion, and that no interference with trial would occur as a trial date has not been set. [*Id.*] Although Plaintiff's motion attached Dr. Gonso's curriculum vitae, it did not include a Rule 26(a)(2)(B) report.[1] [*Id.* (Exhibit A).]

     Defendants respond that even if there were excusable neglect, Plaintiff fails to demonstrate substantial justification or harmless error required under Federal Rule 37(c)(1). [Docket No. 62 at 3–6.] Defendants claim Plaintiff's failure was "solely self-inflicted," and her choice to not punctually retain an expert is not substantial justification. [*Id.* at 3–4.] Moreover, Defendants argue that permitting Plaintiff to utilize Dr. Gonso is not harmless and would negatively affect their strategy, which rests on an evaluation of damages and liability based on

---

[1] Plaintiff's counsel notified the Court of receipt of Dr. Gonso's report on May 17, 2010. [Docket No. 67.] However, the report apparently still has not been provided to Defendants. [Docket No. 68.]

2

existing evidence.  [*Id.* at 5.]

### III.   Discussion

####      A.      *Excusable neglect*

Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  Motions for extensions of time brought after lapsed deadlines face a high hurdle.  *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("[C]ourts should be mindful that the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.'"); *see also Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 2005) (filing a motion to extend  an already extended discovery deadline a month after its expiration fails to satisfy the excusable neglect standard).

In this case, ten months passed between the expiration of the deadline and Plaintiff's request for extension—far longer than the delays at issue in *Spears* and *Brosted*.  In addition, Plaintiff failed to act despite awareness of the potential need for an expert.  Both Plaintiff and her counsel were aware of "repressed powerful emotions" caused by her seeing Defendant Grable at his May 2009 deposition, more than a month before the expert disclosure deadline.  [Docket No. 65 at 2; *id.* (Ex. A at 2).]  Plaintiff's counsel was specifically aware of the possible need of Dr. Gonso's services as early as November 2009, when she was identified on the final exhibit list.  [Docket No. 50 at 2.]  Moreover, Plaintiff has claimed emotional damages from the outset of this case [Docket No. 1 (Exhibit A); Docket No. 65], so it has long been foreseeable that an expert might be necessary to bolster these damages.  Put simply, Plaintiff waited too long.

In sum, Plaintiff was aware of the need for an expert witness and was given ample time to make her expert witness disclosures. Plaintiff's failure to timely do so is inexplicable. It most certainly is not excusable. Plaintiff has not shown excusable neglect under Rule 6(b)(1).

*B.     Exclusion*

Under Rule 37(c)(1), "exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). The Court has broad discretion in determining whether a violation is justified or harmless, and the Seventh Circuit has identified four helpful factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). When examining a movant's substantial justification for extending time to make expert witness disclosures, the timing of the request is important. *Musser*, 365 F.3d at 758–59.

Defendants would be prejudiced if the Court allowed Plaintiff to belatedly disclose Dr. Gonso. [Docket No. 62 at 5.] Dr. Gonso is likely to allege "substantially greater damages." [*Id.*] These greater damages may require both a change in strategy and a further delay of trial,[2] both of which would result in greater-than-anticipated attorney's fees. [Docket No. 66 at 6.] Defendants may also require their own expert, further increasing costs. [*Id.*] This prejudice is not likely to be cured; granting Plaintiff's motion would make these extra costs unavoidable.

---

[2] Although there is not currently a trial date, at a status conference on March 16, the parties discussed setting a trial date toward the end of the year.

While there is no apparent bad faith on the part of Plaintiff, she could easily have disclosed Dr. Gonso at an earlier date. As explained above, Plaintiff's delay in disclosing Dr. Gonso was inexcusable.

Finally, though Plaintiff claims she will suffer prejudice without Dr. Gonso's expert designation, Dr. Gonso can still testify as Plaintiff's treating doctor. Generally, "a treating physician may testify about his or her scope of treatment, observation, and diagnosis without producing an expert report." *Cobble v. Wal-Mart Stores East, L.P.*, No. 1:10-CV-010, 2010 WL 1088513, at *2 (N.D. Ind. Mar. 19, 2010); s*ee also Musser*, 356 F.3d at 757. Dr. Gonso was timely identified on Plaintiff's November 2009 final witness list and thus can testify for Plaintiff as a treating psychologist. [Docket No. 50 at 2.] Though Dr. Gonso's testimony may be limited, it is not precluded in its entirety. Thus, the disallowing of Plaintiff's expert disclosures under Rule 37(c)(1) is appropriate.

**IV.   Conclusion**

Plaintiff's delay is inexcusable and prejudicial to the Defendant. Therefore, Plaintiff's motion for relief from the Case Management Plan deadline [Docket No. 61] is denied, and Plaintiff is precluded from utilizing Dr. Gonso as an expert witness in this case.

Dated:   06/04/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Cara MacKell Chittenden
HUME SMITH GEDDES GREEN & SIMMONS
cchittenden@humesmith.com

C. Dennis Wegner
C. DENNIS WEGNER & ASSOCIATES, P.C.
dennis@wegnerlegal.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENDRA R. WILSON | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0660-RLY-TAB |
| | ) | |
| JASON GRABLE and CITY OF | ) | |
| GREENWOOD, INDIANA, | ) | |
|     Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
FROM CASE MANAGEMENT PLAN DEADLINE**

**I.   Introduction**

Plaintiff Kendra Wilson is in a pickle. Plaintiff failed to disclose her expert witness, Dr. Jonni Gonso, for ten months after the deadline for doing so. Plaintiff now seeks an extension of the Case Management Plan deadline to do so. Because Plaintiff's delay is inexcusable and prejudicial to the Defendant, the Court denies Plaintiff's motion [Docket No. 61], though Dr. Gonso will still be allowed to testify as a treating psychologist.

**II.   Background**

The CMP approved on August 20, 2008, required Plaintiff to make her expert disclosures, and serve her Rule 26(a)(2)(B) reports, on or before June 22, 2009. [Docket No. 8 at 3; Docket No. 11.] Plaintiff designated no experts at that time. However, Plaintiff did identify Dr. Jonni Gonso about five months later in her November 17, 2009, witness list. [Docket No. 50 at 2.] On March 25, 2010, nearly nine months after the deadline for expert disclosures, Plaintiff requested from Defendants 45 days to provide an expert report from Dr. Jonni Gonso. [Docket No. 62 (Ex. A).]

Defendants did not immediately agree to Plaintiff's request, so Plaintiff filed her motion

for relief from the CMP deadline. [Docket No. 61 at 3.] Plaintiff acknowledges that "counsel should have foreseen that [Plaintiff] might eventually undergo a deterioration in her emotional state which could require her to consult a mental health professional." [Docket No. 65 at 2.] Nevertheless, Plaintiff claims this failure constitutes excusable neglect. [*Id.*] She alleges that "repressed powerful emotions" resulting from her encounter with Defendant Jason Grable resurfaced when she saw him at his May 2009 deposition. [Docket No. 65 at 2; *id.* (Ex. A at 2).] Although her counsel subsequently encouraged her to seek treatment, Plaintiff refused to do so in fear of "bring[ing] those memories to the surface again." [*Id.* (Ex. A at 2).] After allegedly suffering panic attacks in March 2010 from the encounter, Plaintiff ultimately was evaluated by Dr. Gonso on April 1, 2010, upon referral by her counsel. [*Id.* at 2–3.] Furthermore, Plaintiff alleges that Defendants have not shown prejudice that would result from the Court's granting of her motion, and that no interference with trial would occur as a trial date has not been set. [*Id.*] Although Plaintiff's motion attached Dr. Gonso's curriculum vitae, it did not include a Rule 26(a)(2)(B) report.[1] [*Id.* (Exhibit A).]

      Defendants respond that even if there were excusable neglect, Plaintiff fails to demonstrate substantial justification or harmless error required under Federal Rule 37(c)(1). [Docket No. 62 at 3–6.] Defendants claim Plaintiff's failure was "solely self-inflicted," and her choice to not punctually retain an expert is not substantial justification. [*Id.* at 3–4.] Moreover, Defendants argue that permitting Plaintiff to utilize Dr. Gonso is not harmless and would negatively affect their strategy, which rests on an evaluation of damages and liability based on

---

[1] Plaintiff's counsel notified the Court of receipt of Dr. Gonso's report on May 17, 2010. [Docket No. 67.] However, the report apparently still has not been provided to Defendants. [Docket No. 68.]

existing evidence. [*Id.* at 5.]

## III. Discussion

### A. *Excusable neglect*

Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Motions for extensions of time brought after lapsed deadlines face a high hurdle. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("[C]ourts should be mindful that the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.'"); *see also Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 2005) (filing a motion to extend an already extended discovery deadline a month after its expiration fails to satisfy the excusable neglect standard).

In this case, ten months passed between the expiration of the deadline and Plaintiff's request for extension—far longer than the delays at issue in *Spears* and *Brosted*. In addition, Plaintiff failed to act despite awareness of the potential need for an expert. Both Plaintiff and her counsel were aware of "repressed powerful emotions" caused by her seeing Defendant Grable at his May 2009 deposition, more than a month before the expert disclosure deadline. [Docket No. 65 at 2; *id.* (Ex. A at 2).] Plaintiff's counsel was specifically aware of the possible need of Dr. Gonso's services as early as November 2009, when she was identified on the final exhibit list. [Docket No. 50 at 2.] Moreover, Plaintiff has claimed emotional damages from the outset of this case [Docket No. 1 (Exhibit A); Docket No. 65], so it has long been foreseeable that an expert might be necessary to bolster these damages. Put simply, Plaintiff waited too long.

In sum, Plaintiff was aware of the need for an expert witness and was given ample time to make her expert witness disclosures. Plaintiff's failure to timely do so is inexplicable. It most certainly is not excusable. Plaintiff has not shown excusable neglect under Rule 6(b)(1).

*B.     Exclusion*

Under Rule 37(c)(1), "exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). The Court has broad discretion in determining whether a violation is justified or harmless, and the Seventh Circuit has identified four helpful factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). When examining a movant's substantial justification for extending time to make expert witness disclosures, the timing of the request is important. *Musser*, 365 F.3d at 758–59.

Defendants would be prejudiced if the Court allowed Plaintiff to belatedly disclose Dr. Gonso. [Docket No. 62 at 5.] Dr. Gonso is likely to allege "substantially greater damages." [*Id.*] These greater damages may require both a change in strategy and a further delay of trial,[2] both of which would result in greater-than-anticipated attorney's fees. [Docket No. 66 at 6.] Defendants may also require their own expert, further increasing costs. [*Id.*] This prejudice is not likely to be cured; granting Plaintiff's motion would make these extra costs unavoidable.

---

[2] Although there is not currently a trial date, at a status conference on March 16, the parties discussed setting a trial date toward the end of the year.

While there is no apparent bad faith on the part of Plaintiff, she could easily have disclosed Dr. Gonso at an earlier date. As explained above, Plaintiff's delay in disclosing Dr. Gonso was inexcusable.

Finally, though Plaintiff claims she will suffer prejudice without Dr. Gonso's expert designation, Dr. Gonso can still testify as Plaintiff's treating doctor. Generally, "a treating physician may testify about his or her scope of treatment, observation, and diagnosis without producing an expert report." *Cobble v. Wal-Mart Stores East, L.P.*, No. 1:10-CV-010, 2010 WL 1088513, at *2 (N.D. Ind. Mar. 19, 2010); s*ee also Musser*, 356 F.3d at 757. Dr. Gonso was timely identified on Plaintiff's November 2009 final witness list and thus can testify for Plaintiff as a treating psychologist. [Docket No. 50 at 2.] Though Dr. Gonso's testimony may be limited, it is not precluded in its entirety. Thus, the disallowing of Plaintiff's expert disclosures under Rule 37(c)(1) is appropriate.

**IV.    Conclusion**

Plaintiff's delay is inexcusable and prejudicial to the Defendant. Therefore, Plaintiff's motion for relief from the Case Management Plan deadline [Docket No. 61] is denied, and Plaintiff is precluded from utilizing Dr. Gonso as an expert witness in this case.

Dated:

Copies to:

Cara MacKell Chittenden
HUME SMITH GEDDES GREEN & SIMMONS
cchittenden@humesmith.com

C. Dennis Wegner
C. DENNIS WEGNER & ASSOCIATES, P.C.
dennis@wegnerlegal.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com